UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN S. BARTH,

Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

Defendants.

Civil Action No. 22-955 (JEB)

**MEMORANDUM OPINION**

*Pro se* Plaintiff John S. Barth has waged a protracted litigation campaign against myriad Florida-based individuals and entities, alleging that they operate a criminal enterprise that steals conservation funds from that state. In his latest foray, Barth filed this Complaint against those Florida Defendants and also against several Federal Defendants — namely, the United States, the Department of Justice, the Federal Bureau of Investigation, and Homeland Security Investigations. He then voluntarily dismissed the Florida Defendants, leaving behind a single count charging Federal Defendants with violating a litany of statutes by failing to investigate the purported criminal enterprise. Federal Defendants now move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court will grant the Motion.

**I.      Background**

Since 2019, Barth has filed four near-identical lawsuits in Florida, Hawaii, Oregon, and California contending that a slew of Florida-based individuals and entities operate a racketeering enterprise that has stolen north of $100 million from state coffers. See ECF No. 1 (Compl.) at 1; ECF No. 31 (Federal Defendants' Motion to Dismiss) at 2 & n.2 (collecting cases). All four cases have been dismissed. See Barth v. Mabry Carlton Ranch, Inc., No. 19-3181 (M.D. Fla.

1

Feb. 27, 2020); Barth v. Mabry Carlton Ranch, Inc., No. 20-104, 2020 WL 2840238 (D. Haw. June 1, 2020); Barth v. Mabry Carlton Ranch, Inc., No. 20-1164, 2020 WL 5989206 (D. Or. Oct. 8, 2020); Barth v. Mabry Carlton Ranch, Inc., No. 20-9288, 2020 WL 7643097 (N.D. Cal. Dec. 23, 2020). This suit marks his fifth attempt; for the first time, it also names several federal entities as Defendants. See Compl. at xxvi.

Barth three times moved to file his Complaint under seal, but Chief Judge Beryl Howell denied each motion. See Barth v. United States, No. 21-mc-124 (D.D.C.), ECF Nos. 1–5. The D.C. Circuit affirmed those denials by unpublished judgment and, in so doing, noted that Barth "has provided no basis for this court to order certain federal agencies to conduct an investigation." Barth v. United States, No. 22-5007, 2022 WL 829753 (D.C. Cir. Mar. 18, 2022), at *1. Determined to proceed, Plaintiff filed this new and unsealed suit on April 4, 2022. It asserts nine counts against a wide swath of Florida-based and federal Defendants. See Compl. at xviii–xxvi.

On October 4, 2022, however, matters simplified considerably. Plaintiff moved to voluntarily dismiss all but the Federal Defendants, a Motion the Court granted. See ECF No. 24 (Voluntary Dismissal); Minute Order of Oct. 4, 2022. That move had the effect of excising Counts I through VIII, which Plaintiff had pled against only the Florida Defendants. See Compl. at xviii–xxv. Remaining before the Court, then, is just Count IX — by Plaintiff's own description, the sole count that concerns the Federal Defendants. Id. at xxvi. Only eleven paragraphs of the Complaint, paragraphs 197–207, pertain to that count — again, by Plaintiff's acknowledgment. Id. The thrust of Barth's allegation in Count IX is that the Federal Defendants failed to investigate or prosecute the alleged racketeering scheme. Id. He also lists in that count

an assortment of statutes under which he seeks recovery. Id. Federal Defendants have now moved to dismiss the balance of the Complaint.

## II.  Legal Standard

Defendants' Motion to Dismiss invokes Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). When a defendant files a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, the plaintiff generally "bears the burden of establishing jurisdiction by a preponderance of the evidence." Bagherian v. Pompeo, 442 F. Supp. 3d 87, 91–92 (D.D.C. 2020) (quoting Didban v. Pompeo, 435 F. Supp. 3d 168, 172–73 (D.D.C. 2020)); see Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992). The Court "assume[s] the truth of all material factual allegations in the complaint and 'construe[s] the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005)).

To survive a motion to dismiss under Rule 12(b)(6), conversely, a complaint must "state a claim upon which relief can be granted." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 552 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, id. at 555, "a complaint must contain sufficient factual matter, [if] accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). While a plaintiff may survive a Rule 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.

**III.    Analysis**

As Defendants accurately point out, Plaintiff's suit faces two insurmountable hurdles. First, his sole remaining count seeks to compel investigation and prosecution of alleged wrongdoing, matters that are committed to agency discretion. And second, none of the statutes Barth relies on offers a basis for relief: all either do not provide a private cause of action, do not waive sovereign immunity, or do not provide grounds for his action.

A.  Prosecutorial Discretion

First, Plaintiff cannot bring claims against Defendants based on their failures to investigate his charges of purported malfeasance. "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Sargeant v. Dixon, 130 F.3d 1067, 1069 (D.C. Cir. 1997); Powell v. Katzenbach, 359 F.2d 234, 234–35 (D.C. Cir. 1965). The decision of whether or not to prosecute, and for what offense, rests solely with the Government. See, e.g., Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). A civil plaintiff thus may not ask a court to compel the Government to prosecute a criminal case. See Shoshone–Bannock Tribes v. Reno, 56 F.3d 1476, 1480 (D.C. Cir. 1995); see also Cox v. Sec'y of Labor, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). Nor may a plaintiff compel civil investigation by an agency. "[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." Heckler v. Chaney, 470 U.S. 821, 831 (1985).

Those principles are dispositive here. Barth's central allegation against Defendants is that they "refused over three years to investigate" his allegations of a "major racketeering case." Compl., ¶¶ 197–98. The only eleven paragraphs in his Complaint that he marked as relevant to

these Defendants detail his repeated attempts to convince federal law-enforcement agencies to investigate the matter — first with "about 30 inquiries" through federal websites, then with letters by certified mail, then with phone calls, then with "a second round of certified envelopes." Id., ¶¶ 198–202. Defendants' decisions concerning whether or not to investigate or prosecute based on Plaintiff's reports, however, are their decisions to make and are not reviewable by this Court. See, e.g., Linda R.S., 410 U.S. at 619; Heckler, 470 U.S. at 831. The Circuit recognized as much in its judgment on Plaintiff's motion to file under seal, writing that Barth "has provided no basis for this court to order certain federal agencies to conduct an investigation." Barth, 2022 WL 829753, at *1. What was true then remains true today.

Plaintiff responds that Defendants may not "permit collusion in racketeering by federal employees" and have investigated crimes with far smaller amounts of money at stake. See ECF No. 34 (Pl. Opp.) at 7. But it is for those federal agencies, not Plaintiff, to determine "whether agency resources are best spent on [investigating] this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies," and more. See Heckler, 470 U.S. at 831. Barth's arguments about why Federal Defendants should prosecute this matter accordingly must be made — as it seems they repeatedly have been — to those agencies.

### B. Statutory Bases for Relief

The case must be dismissed for a second, independent reason as well: none of the statutory bases Plaintiff cites allows for relief. To begin, several of the statutes do not provide private rights of action against the Government. As to the several criminal provisions in Title 18 he cites as a basis for his claims, the Middle District of Florida previously held in dismissing Barth's similar claims, "[O]nly the government, not a private citizen, may bring a suit under

these [criminal] statutes." Barth, No. 19-3181, at 2 (M.D. Fla. Feb. 27, 2020). This Court agrees, as none of the listed statutes appears to provide a private right of action against the Government. The same is true for the False Claims Act, which Plaintiff also cites: that statute provides a cause of action only against those who defraud the Government, not against the Government itself. See, e.g., Ndoromo v. Barr, No. 18-2339, 2019 WL 2781412, at *4 (D.D.C. July 2, 2019) ("Because the False Claims Act is meant to ensure that funds are not falsely taken from the government, the Court concludes that Plaintiff cannot use the Act to allege that the government has falsely taken funds from him.").

Several other of Plaintiff's purported statutory bases likewise fall away because the United States has not waived sovereign immunity with respect to them. Plaintiff's RICO claims are a prime example: "Congress has not waived the United States' sovereign immunity for suits . . . under the RICO Act." Smith v. Obama, No. 14-1109, 2014 WL 2937486, at *1 (D.D.C. June 30, 2014) (quoting Abou–Hussein v. Mabus, 953 F. Supp. 2d 251, 263 (D.D.C. 2013)) (formatting modified); accord Hayes v. Dep't of Just., No. 22-1147, 2022 WL 1597630, at *1 (D.D.C. May 17, 2022). Plaintiff's claims under 42 U.S.C. §§ 1982 through 1985 similarly fail because those statutes do not waive sovereign immunity either. See Wine v. Dep't of the Interior, No. 21-3349, 2022 WL 3715799, at *6 (D.D.C. Aug. 29, 2022); Boling v. U.S. Parole Comm'n, 290 F. Supp. 3d 37, 46 (D.D.C. 2017).

What remains is Plaintiff's invocation of the Freedom of Information Act, 5 U.S.C. § 552. But nothing in his Complaint supports a claim that he is seeking specific federal records or has submitted an appropriately exhausted request under FOIA. He makes passing reference to a separate FOIA request he submitted to the Department of Justice on February 25, 2021, "for all information held about the Plaintiff" — but his present Complaint does not challenge the

withholding of such records or seek their release.  See Compl., ¶¶ 204–07.  Indeed, the only relief he demands is monetary compensation based on the alleged racketeering scheme.  Id., ¶¶ 225–33.  He accordingly fails to state a claim for relief under FOIA.

## IV. Conclusion

For the foregoing reasons, the Court will grant Federal Defendants' Motion to Dismiss.  A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  December 15, 2022